UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
COLLEEN MCAVEY,

                    Plaintiff,

              -against-

ORANGE-ULSTER BOCES, JEFFREY SMITH,
former Deputy Superintendent, JAKE MCHALE,
Principal of Flannery High School, and
MARGUERITE FLOOD, Executive Director for
Personnel, sued in their individual capacities,

                    Defendants.
-------------------------------------------------------X

07-CIV-11181 (RWS)

**STIPULATION AND PROTECTIVE ORDER OF CONFIDENTIALITY**

[RECEIVED APR 02 2010 JUDGE SWEET CHAMBERS]

       The parties, through their attorneys of record, enter into this Stipulation for the entry of a Protective Order of Confidentiality pursuant to Fed.R.Civ.P.26 and it is hereby stipulated and agreed as follows:

       1.     This Stipulation shall govern the handling of all documents, information, depositions, deposition exhibits and other written records electronic or graphic matter produced by any of the parties during discovery, whether produced pursuant to a formal written discovery request or subpoena, a request made or question asked at a deposition, a letter request, by deposition testimony, interrogatory answer or any other means.

       2.     This Stipulation shall govern all initial disclosures and discovery authorized pursuant to the Federal Rules of Civil Procedure in this matter.

       3.     This Stipulation shall also govern documents and other discovery materials produced during discovery by any non-parties.

1

[USDC SDNY DOCUMENT ELECTRONICALLY FILED DOC #: _____ DATE FILED: 4/5/10]

4. By entering into this Stipulation or requesting the protections of it, no party or non-party shall waive its right to object to the production of any document or other discovery materials.

5. A party producing documents or written discovery responses may designate all or any part of any document or response as confidential in the following manner:

> a) In the case of documents or other materials (apart from depositions or other pretrial testimony); by affixing the legend "Confidential" to each page to which such designation is desired or in the case of multi-page documents the word "Confidential" need only be indicated on the first page of the document or in cover letter transmitting the documents in order for the entire document to be treated as confidential; and
>
> b) In the case of depositions or other pretrial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure, or (ii) by written notice, sent by counsel to all parties within thirty (30) days after receiving a copy of the transcript thereof or within such other reasonable time after which the party desires the material to be treated as "Confidential Material" hereunder.

6. All documents and materials so designated as confidential (and any information contained therein or derived therefrom) shall be used by the parties solely for purposes of this litigation and shall not be used for any other purpose, and shall not

2

otherwise be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part, to any person or entity other than the following:

    a. the Court;

    b. counsel of record for the parties to this litigation and their employees and staff, assisting in the representation thereof;

    c. the named parties in this litigation, including their employees, board members, officers, counsel or insurer who have a need to know for purposes of this litigation; however, counsel for the party shall personally retain possession of all copies of such confidential documents, materials or information;

    d. witnesses at any deposition, hearing, trial or post-trial proceeding in this matter (except that such witnesses shall not retain any confidential documents or materials subsequent to their testimony) and shall be instructed by the deposing attorney that the documents, materials or information and/or information obtained and/or learned from said confidential documents are confidential and may not be disclosed directly or indirectly;

    e. court reporters and associated individuals engaged in transcribing, typing, or otherwise preparing transcripts of depositions or hearings in this action;

    f. consultants and expert witnesses who assist the attorneys of record in this litigation in the preparation of this case for trial;

3

    g. any other persons or entities whom counsel for the producing party or non-party agrees in writing, or whom the Court directs, should have access to confidential documents or materials.

7. Every party (or its counsel) shall advise every person to which it (or its counsel) gives access to Confidential Material or information contained therein that the material or information is being disclosed pursuant and subject to the terms of this Stipulation and Protective Order and may not be disclosed other than pursuant to the terms hereof. Every such person given access to Confidential Material shall sign Exhibit A hereto agreeing to be bound by this Stipulation and Protective Order.

8. Any party may seek to modify, expand, cancel or supersede this Stipulation and Protective Order by motion on notice.

9. The production of confidential documents or information by any party or non-party does not constitute an admission, a waiver of any legal right or privilege involved in or related to the documents or information constitutes or contain confidential information. Nor does such production affect the discovering party's right to contest whether such documents or information are actually confidential and entitled to protection.

10. Within forty-five (45) days after receiving notice of the entry of an order, judgment, decree or stipulation finally disposing of this action and the lapse of any time to appeal or disposition of any appeal taken, all persons having received Confidential material shall return such material and all copies thereof to the party that produced it or its counsel. All persons who receive Confidential Material shall, even after this litigation,

4

be under a continuing duty not to disclose Confidential Material for as long as it is not available to the general public.

11. Any party or non-party, if it has cause to believe that a violation of this Stipulation has occurred or is about to occur, has the right to petition the Court for appropriate relief.

12. If any party (the "Receiving Party") receives a subpoena seeking, or court order requiring, the production or disclosure of any Confidential Material received from any other person that designated the material "Confidential Material" (the "Producing Person"), the Receiving Party shall give notice to the Producing Person within three (3) business days of receipt of such subpoena or court order and, if possible, no less than five (5) business days prior to the time for production of such Confidential Material pursuant to the subpoena or court order. If such written notice cannot be made, the Receiving Party must immediately give notice to counsel for the Producing Person by telephone. In no event shall production or disclosure be made before notice is given. The purpose of this paragraph is to provide the Producing Person the opportunity to intervene at its own expense to object to the production of such Confidential Material.

13. Nothing contained herein shall prevent either party from objecting to discovery which they believe to be improper.

5

14. The parties agree to be bound by the terms of this Stipulation and Protective Order upon the signing hereof by all counsel of record set forth below. This Stipulation and Protective Order may be executed in counterparts and facsimile signatures shall be deemed originals for all purposes.

Dated: Melville, NY
       March 26, 2010

SUSSMAN & WATKINS

_____
Christopher Watkins, Esq.
Attorneys for Plaintiff
55 Main Street
P. O. Box 1005
Goshen, NY 10924
(845) 294-3991

LAMB & BARNOSKY, LLP

_____
Matthew J. Mehnert, Esq.
Attorneys for Defendants
534 Broadhollow Rd., Ste. 210
P. O. Box 9034
Melville, NY 11747
(631) 694-2300

SO ORDERED:

_____
4-2-10

6