UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

COLLEEN McAVEY,

                                                                        07 Civ. 11181

                                                                          OPINION
              Plaintiff,

  -against-


ORANGE-ULSTER BOCES, JEFFREY SMITH,
former Deputy Superintendent, JAKE
McHALE, Principal of Flannery High School,
and MARGUERITE FLOOD, Executive Director
for Personnel, sued in their individual
capacities,

                                      Defendants.

------------------------------------------X

A P P E A R A N C E S:


        <u>Attorneys for Plaintiff</u>

        SUSSMAN & WATKINS
        55 Main Street, Suite 6
        P.O. Box 1005
        Goshen, NY  10924
        By:  Christopher Dale Watkins, Esq.
             Michael Howard Sussman, Esq.

        <u>Attorneys for Defendants</u>

        LAMB & BARNOSKY, LLP
        534 Broadhollow Road, Suite 210
        P.O. Box 9034
        Melville, NY  11747
        By:  Sharon N. Berlin, Esq.
             Matthew John Mehnert, Esq.

**Sweet, D.J.**

Plaintiff Colleen McAvey ("McAvey" or the "Plaintiff") has filed a motion for reconsideration of the Court's August 15, 2011 opinion (the "August 15 Opinion"), which granted in part and denied in part the Defendants' motion for summary judgment. The Plaintiff's motion for reconsideration was filed on August 26, 2011, and it was considered fully submitted on September 28, 2011.

For the following reasons, the Plaintiff's motion for reconsideration is denied.

**The Applicable Standard**

The Plaintiff requests reconsideration of the August 15 Opinion pursuant to Local Civil Rule 6.3. The standards governing motions under Local Rule 6.3 along with Fed. R. Civ. P. 59 are the same, and a court may grant reconsideration where the party moving for reconsideration demonstrates an "intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Henderson v. Metro. Bank & Trust Co., 502

1

F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quotation marks and citations omitted); Parrish v. Sollecito, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) ("Reconsideration may be granted to correct clear error, prevent manifest injustice or review the court's decision in light of the availability of new evidence.") (citing Virgin Atl. Airways, Ltd. V. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701-02 (S.D.N.Y. 2001) (granting reconsideration due to the court's erroneous application of a statute). The moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision. See Linden v. District Council 1707-AFSCME, 415 Fed. Appx. 337, 338-39 (2d Cir. 2011) (affirming dismissal of reconsideration motion as movant did not identify any relevant facts or controlling authority that the lower court overlooked); Lichtenberg v. Besicorp Grp. Inc., 28 Fed. Appx. 73, 75 (2d Cir. 2002) (affirming dismissal of reconsideration motion where movant "failed to demonstrate that the [lower] court overlooked any fact of consequence or controlling legal authority at the time the court decided [the case]").

2

The reason for the rule confining reconsideration to matters that were "overlooked" is to "ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690(MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (citation and quotation marks omitted). A court must narrowly construe and strictly apply Local Rule 6.3, so as to avoid duplicative rulings on previously considered issues, and to prevent the rule from being used as a substitute for appealing a final judgment. See In re Bear Stearns Cos., Inc. Sec., Derivative and ERISA Litig., 08 M.D.L. No. 1963, 2009 WL 2168767, at *1 (S.D.N.Y. Jul. 16, 2009) ("A motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (quoting Davey v. Polan, 496 F. Supp. 2d 387, 389 (S.D.N.Y. 2007)); ResQNet.com v. Lansa, Inc., No. 01 Civ. 3578, 2008 WL 4376367, at *2 (S.D.N.Y. Sept. 25, 2008) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.")

3

(citations and quotation marks omitted); <u>Ballard v. Parkstone Energy, LLC</u>, No. 06 Civ. 13099, 2008 WL 4298572, at *1 (S.D.N.Y. Sept. 19, 2008) ("Local Rule 6.3 is to be narrowly construed and strictly applied in order to avoid repetitive arguments on issues that the court has fully considered.") (quoting <u>Abrahamson v. Bd. of Educ.</u>, 237 F. Supp. 2d 507, 510 (S.D.N.Y. 2002).

Motions for reconsideration "are not vehicles for taking a second bite at the apple, . . . and [the court] [should] not consider facts not in the record to be facts that the court overlooked." <u>Rafter v. Liddle</u>, 288 Fed. Appx. 768, 769 (2d Cir. 2008) (citation and quotation marks omitted).

**The Plaintiff's Motion For Reconsideration Is Denied**

McAvey filed her complaint on December 12, 2008, alleging that the Defendants retaliated against her for exercising her First Amendment rights when they (1) admonished her both verbally and in writing; (2) denied her a position in BOCES' P.M. hours program; (3) removed her as a presenter at the BOCES professional conference; (4) failed to discipline employees for making derogatory remarks about her; (5) reviewed

4

her emails; (6) denied her a 2006 summer school position; and (7) transferred her in December 2006. The facts of the case are included in the August 15 Opinion in which the Court granted in part and denied in part the Defendants' motion for summary judgment.

In the August 15 Opinion, the Court held that because the Plaintiff's Freedom of Information Law ("FOIL") request was protected speech and the denial of the Plaintiff's application for the after-hours counseling position may have been causally connected to her protected speech, the Defendants' motion for summary judgment on the claim of retaliation with respect to the denial of the part-time counselor position was denied. However, the Defendants' motion for summary judgment on the remaining retaliation claims was granted, with the Court holding that the Plaintiff's interactions with a journalist did not constitute protected speech, that an administrator's failure to punish the Plaintiff's co-workers for derogatory remarks did not establish a retaliation claim and that the Plaintiff's various other allegations, including the verbal reprimands and admonishing letter the Plaintiff received, the Plaintiff's removal as a conference presenter, BOCES' review of the Plaintiff's emails, the Plaintiff's inability to obtain summer work and the

Plaintiff's transfer to another school, were not causally connected to the Plaintiff's protected speech. The August 15 Opinion also held that the individual Defendants were not entitled to qualified immunity. In her motion, McAvey requests reconsideration of the Court's decision to the extent that the Court found that the letter of reprimand the Plaintiff received on November 8 ("the November 8 Letter") was not actionable.

According to McAvey, the November 8 Letter she received was an adverse action and a reasonable jury could have found a causal connection between the Plaintiff's FOIL request and the November 8 Letter. With respect to retaliation claims, the Supreme Court has held that "actionable retaliation" is behavior that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern & Santa Fe R.R. Co. v. White, 548 U.S. 53, 68, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006); see also Zelnik v. Fashion Institute of Technology, 464 F.3d 217 (2d Cir. 2006) ("actionable retaliation" in the First Amendment context is "that which 'well might have dissuaded a reasonable worker [from asserting his First Amendment-protected rights]'") (quoting Burlington Northern, 548 U.S. at 68). The Plaintiff, citing Millea v. Metro-North R.R. Co., 658 F.3d 154 (2d Cir. 2011),

6

contends that one week before the August 15 Opinion was issued, the Second Circuit ruled that a letter of reprimand is an adverse action for purposes of a retaliation claim under the standard set forth in Burlington Northern.

The Plaintiff also contends that, notwithstanding the Court's ruling that the verbal reprimand and November 8 Letter were not causally connected to the Plaintiff's FOIL request but "[r]ather, these admonishments were related to her contact with the press, confidentiality concerns, and other conduct not including the FOIL request," Op. at 29, there is direct evidence of a causal connection between the letter of reprimand and the Plaintiff's protected activity. This evidence includes the fact that the November 8 Letter expressly references the Plaintiff's conversations with the police, that the Deputy Superintendent who authored the November 8 Letter knew that the Plaintiff's "involvement with the police" consisted of making FOIL requests for the relevant reports, and that the Deputy Superintendent was angry with the Plaintiff for her having made the requests. McAvey contends that the Court overlooked this evidence in ruling there to be no evidence of a causal connection between the Plaintiff's protected speech and the November 8 Letter.

The Plaintiff is correct in that the Second Circuit's opinion in Millea v. Metro-North R.R. Co. establishes the November 8 Letter to constitute actionable retaliation. The facts of Millea involve a Metro-North employee who filed suit against his employer, asserting claims for alleged violations of the Family Medical Leave Act (FMLA) and for intentional infliction of emotional distress. Millea claimed that in response to his decision to take days off under the FMLA, Metro-North retaliated by placing a formal letter of reprimand in his file. At trial, the district court instructed the jury that a "material adverse action" under the FMLA is restricted solely to changes in the employee's terms and conditions of employment. On appeal, the Second Circuit held that the term "material adverse action" in relation to a FMLA claim is defined using the standard first articulated by the Supreme Court in Burlington Northern. Millea, 658 F.3d at 164. Applying the Burlington Northern standard, the Second Circuit held that a letter of reprimand could deter a reasonable employee from exercising his FMLA rights:

> The Burlington Northern materiality standard is intended to "separate significant from trivial harms" so that employee protection statutes such as Title VII and the FMLA do not come to create "a general civility code for the American workplace." Burlington Northern, 548 U.S. at 68 (internal quotation marks omitted). To separate the significant from

> the trivial, the <u>Burlington Northern</u> standard employs an "objective" test, which considers whether the action would deter a "reasonable employee" from exercising his rights. <u>Id.</u> "[P]etty slights, minor annoyances, and simple lack of good manners will not" give rise to actionable retaliation claims. <u>Id.</u> In this objective light, we think (and conclude that a reasonable jury could decide) that a letter of reprimand would deter a reasonable employee from exercising his FMLA rights. A formal reprimand issued by an employer is not a "petty slight," "minor annoyance," or "trivial" punishment; it can reduce an employee's likelihood of receiving future bonuses, raises, and promotions, and it may lead the employee to believe (correctly or not) that his job is in jeopardy. A reasonable jury could conclude as much even when, as here, the letter does not directly or immediately result in any loss of wages or benefits, and does not remain in the employment file permanently.

<u>Millea</u>, 658 F.3d at 165. Because the test for actionable retaliation in the First Amendment context is derived from the same <u>Burlington Northern</u> standard the Second Circuit applied in <u>Millea</u>, see <u>Zelnik</u>, 464 F.3d at 227, the November 8 Letter the Plaintiff received represents an adverse action upon which the Plaintiff can base her retaliation claim.

However, in the August 15 Opinion, the Court did not base its decision concerning the November 8 Letter entirely on the basis that letters of reprimand were not actionable. As was noted in the August 15 Opinion, the Plaintiff has not presented evidence demonstrating how the exercise of the Plaintiff's First Amendment rights caused this letter to be filed. As noted

9

above, the only First Amendment protected speech in this case involves the Plaintiff's FOIL request, which the November 8 Letter does not address. Reproduced in its entirety, the body of the November 8 Letter reads:

> Please accept this letter as a representation of our conversation which took place in my office on October 14, 2005. Also present were Dr. Vaughan, Mrs. Flood, Mr. McHale and Mr. Zwick. We had an extensive discussion about your role in reporting a situation that might possibly have involved abuse in the educational setting. You indicated that you had made this report to Mr. McHale. First, let me reiterate that I find your reporting such a suspicion the correct thing to be done by a school counselor.
>
> My concern however, is about your subsequent involvement with the Goshen Town Police and the Times Herald Record. Given the nature of our students, I believe the best course of action for a counselor is to report the issue to his or her school administrator and let the investigation go through its process. I do not believe it is beneficial or appropriate for individual staff members to be involved directly with the police and/or newspapers in instances surrounding student matters.
>
> In the future, should these circumstances arise again, I am directing that you stay in process and work directly with your school administrator.

As noted in the August 15 Opinion, N.Y. Education Law § 1127 establishes New York State policy that reports of abuse in an educational setting must remain confidential, making it a misdemeanor offense for a school official to disclose the contents of a written report of abuse. Additionally, the Family

10

Educational Rights and Privacy Act, 20 U.S.C. §§ 1232g protects complainants' confidentiality rights in their educational records.

While the November 8 Letter does include references to the "Goshen Town Police" and "the police," there is no indication that the letter is in reference to the Plaintiff's FOIL request. Instead, the letter refers twice to the "process" used to investigate abuse complaints and expresses concern over the Plaintiff's failure to abide by these procedures. As such, the November 8 Letter establishes that factors other than the McAvey's protected speech, including McAvey's contact with the press and confidentiality concerns, caused the November 8 Letter to be sent. With respect to the causation issue, the Plaintiff has failed to carry her burden of demonstrating that the Court overlooked factual matters or controlling precedent that would have changed its decision. See Ambac Assurance Corp. v. EMC Mortgage Corp., No. 08 Civ. 9464(RMB)(THK), 2011 WL 308276, at *2 (S.D.N.Y. Jan. 28, 2011) ("The standard for granting such a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably be expected to

11

alter the conclusion reached by the court.") (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). Because sufficient evidence of causation has not been provided, the Plaintiff's motion for reconsideration must be denied.

**Conclusion**

Based on the conclusions set forth above, the Plaintiff's motion for reconsideration is denied.

It is so ordered.

**New York, NY**
**January 17, 2012**

_____
ROBERT W. SWEET
U.S.D.J.